### CHASE et al. v. RIEVE et al.

United States District Court
S. D. New York.
April 14, 1950.

Neuburger, Shapiro, Rabinowitz & Boudin, New York City, for plaintiffs.

Arthur J. Goldberg, Thomas E. Harris, David E. Feller, Washington, D. C., for defendants.

RIFKIND, District Judge.

Plaintiffs' motion for a temporary injunction and defendants' cross-motion to dismiss the action present many of the issues considered in Tisa v. Potofsky, D. C. 90 F. Supp. 1175. Familiarity with the opinion in that case will be assumed.

The action is for a permanent injunction and declaratory judgment. Its purpose is to restrain the defendants from taking steps to effect the expulsion of United Office and Professional Workers of America (hereinafter called UOPWA) from the Congress of Industrial Organizations (hereinafter called CIO).

Plaintiffs sue as representatives of the members of UOPWA. Defendants are sued individually and as representatives of the members of the Executive Board of the CIO. Jurisdiction is alleged to be based upon diversity of citizenship and upon the assertion of a federal right. 28 U.S.C.A. §§ 1332, 1331.

The allegations of the complaint are in many respects similar to the allegations in the accompanying case of Tisa v. Potofsky, and the background facts surrounding this litigation may be found in my opinion in that case. A conspiracy to control the policies of the UOPWA and to expel it from the CIO in the event of failure to secure such control is asserted to exist. Raids and calculated calumniation by the defendants are alleged. Finally, the securing of the passage of invalid amendments to the CIO constitution and the undertaking of expulsion proceedings against UOPWA pursuant to the amendments are complained of.

More specifically, the application of the plaintiffs for a temporary injunction is based on the following grounds: the invalidity of Article VI, Section 10, of the CIO constitution, incorporated therein by amendment in 1949, and of the charges based thereon; the illegality of the hearing

before the Trial Committee because of vagueness of charges, restrictions on production of witnesses, exclusion of counsel, exclusion of the public, and bias on the part of the members of the Trial Committee; the insufficiency of the evidence before the Trial Committee to support its conclusions.

An amended complaint has been presented by the plaintiffs and its more substantial allegations follow: the defendants colluded with William Steinberg in drafting the charges against the UOPWA and in preparing and presenting the case against the UOPWA; the predetermined nature of the proceedings against the UOPWA is evidenced by the fact that following the filing of charges against UOPWA but prior to the expulsion, the defendants created local industrial unions to raid the UOPWA's jurisdiction; the procedure followed in expelling the UOPWA failed to conform with due process requirements in that the Trial Committee's report, which was, in effect, an indictment, was not seen by UOPWA until February 15, 1950, only two hours before it was expelled, and in that no trial before the Executive Board was ever had on the indictment. The relief demanded by the complaint is essentially the same as that sought in Tisa v. Potofsky.

■ The defendants here move to dismiss the action on the same grounds as in that case. For the reasons there stated, I decline to grant this motion.[1]

Plaintiffs' motion is likewise denied. The affidavits accompanying this complaint do not move me to alter my conclusion, reached in the Tisa case, that a temporary injunction is not warranted, insofar as the application therefor is based upon the purported invalidity of the constitutional amendments and the charges thereon, the allegations of the want of fairness in the procedure followed by the Trial Committee and the allegations of bias.

It should be noted that in this case the rules governing the Trial Committee hearing expressly designated the UOPWA's national officers as the Union's witnesses, with additional witnesses to appear only if the committee approved.

■ I do not think this is necessarily a violation of due process. Even in judicial proceedings, limitation on the number of witnesses permitted is not unknown. The UOPWA appears to have been well represented by eight of its officers at the Trial Committee hearing. Therefore, I cannot conclude from the affidavits that the UOPWA was denied adequate opportunity to present its case. Moreover, it is not clear from the affidavits and exhibits that additional witnesses would have been excluded had the reason for calling them been explained and had the requests not been framed in the form of assertions of the right to blanket admission.

■ The additional allegations in the amended complaint do not justify granting plaintiffs' application. The defendants aver in their answering memorandum to the added allegations that the charges were filed at the behest of the convention and that Steinberg was only an agent carrying out its mandate; that in any event, even if Steinberg be considered an adversary in the proceedings, he was entitled to use CIO resources as an official of the organization and there was no collusion with defendants; that the chartering of local unions within the jurisdiction of the UOPWA did not reflect on the impartiality of the proceedings, since such chartering was not an unusual practice, and since new local unions

---

1. My attention has been called, informally, to the decision in Durkin v. Murray, 190 F.Supp. 367, decided by Judge Matthews in the United States District Court for the District of Columbia on February 6, 1950, wherein a motion to dismiss was granted. That is not conclusive here. Even if the parties and issues be considered substantially the same, this complaint has been amended to allege additional facts not before the Washington court, such as the fact that the Executive Board voted for expulsion, thereby removing it from consideration as an internal tribunal from which relief could be expected. Hence the plaintiffs are not barred from bringing this action. Restatement, Judgments, § 50, Comment c.

could not be assigned to the UOPWA so long as it was not in good standing; that in fact the plaintiffs were afforded a hearing both before the Trial Committee and before the Executive Board and that plaintiffs had adequate notice of the Trial Committee report.

Evidently, issues of fact are presented which can be resolved only by trial.

I can not say, on the basis of an examination of the minutes of the hearings before the Trial Committee, that the findings of the Committee are unsupported by evidence.

The critical question presented by this application, as well as in Tisa v. Potofsky, is whether, pending trial, the accused union should remain within or without the CIO. The claim presented not being frivolous and not being completely established, we have to balance the equities. That is essentially a question addressed to the court's discretion. The precedents are at best guides to and reminders of the considerations which the court should have in view in shaping its discretionary decision. When I say that plaintiffs have not established a clear right to the extraordinary relief demanded I am not really assigning a reason for my decision but using a hornbook formula to state my decision.

The consideration which gives direction to my thinking and induces me to select those maxims which appear to support a denial of injunctive relief (when traditional maxims leading to the contrary are equally available) is largely a conception of public policy. Were I dealing with the case of an employee threatened with expulsion from his union and consequent loss of livelihood, I would begin with the premise that pending trial of the issues of fact he should remain within the union until the propriety of the expulsion has been demonstrated. In dealing with a confederation of national unions in its relations to one of its constituent unions, I begin with the premise that such a confederation, democratically organized, and prima facie acting within the scope of its constitution, ought to have its way until it is demonstrated that in having its way it has unlaw-fully trespassed upon the rights of its members.

The plaintiffs' application for a temporary injunction is denied. The defendants' motion to dismiss the complaint is denied.