## FRANKE et al. v. WILTSCHEK et al.

United States District Court
S. D. New York.
Jan. 15, 1953.

842

Eyre, Mann & Burrows, New York City, William D. Lucas, New York City, of counsel, for plaintiffs.

Robinson & Thebner, for defendants Wiltschek and Blatt, Emanuel Thebner, New York City, of counsel.

WEINFELD, District Judge.

The plaintiffs, alleging that one of them developed a novel and secret process for packaging face cloths in the form of tiny compressed forms, move for a preliminary injunction to restrain the defendants from unlawfully using plaintiff's process in connection with the manufacture and distribution of face cloths in compact form. Plaintiffs' product has been widely sold throughout the United States under the name of Quettes. The product now being marketed by one of the defendants is known as Facelettes.

The complaint alleges a cause of action for unfair competition, the gist of which is that defendants acquired knowledge of the plaintiffs' secret process, manufacturing know-how and trade practices by reason of a confidential relationship arising in connection with a sales agency agreement entered into with two of the defendants who were to act as distributors of Quettes, but who thereafter violated the confidence and conspired with other defendants fraudulently and unlawfully to appropriate the plaintiffs' process for their own use.

It is asserted that the product is a novelty item, the demand for which is ephemeral, and that the continuing unlawful activity of the defendants since June 1952 in the manufacture and distribution of Facelettes requires the granting of a preliminary injunction restraining the defendants in their alleged unlawful competition with the plaintiffs.

Under the allegations of the complaint, the plaintiffs, in order to succeed upon trial, must establish: (1) that the manufacture and production of Quettes is based upon a secret process; (2) that such process was revealed to, or knowledge thereof gained by, defendants under circumstances which created a confidential relationship between plaintiffs and defendants, so that the latter were under a duty not to disclose, or make use of, the process for their own purposes; (3) that the defendants' product, Facelettes, is based upon said secret process and its manufacture and distribution by defendants constitute a breach and abuse of the confidential relationship.[1]

The defendants categorically deny the charges. They contest the claim that the plaintiffs' process was a trade secret or that it is unique or novel. They deny that any confidential relationship existed between them and the plaintiffs, or that they acquired knowledge of the process by reason of any such relationship. They assert that the plaintiffs' product has been in the public domain and its manufacture is based upon a well-known process of compression of materials, published not only by plaintiffs, but by many others years before plaintiffs' product was marketed. The defendants emphasize that no charge is made of palming off, or that styling, packaging and other methods have been employed to mislead and confuse the public. Finally, they urge that the plaintiffs are seeking an injunction, the effect of which, if granted, would result in a monopoly and restraint of lawful competition. Sufficient facts are set forth to put in sharp issue the claim of the plaintiffs.

1. See Schreyer v. Casco Products Corp., 2 Cir., 190 F.2d 921, 924; International Industries v. Warren Petroleum Corp., D. C., 99 F.Supp. 907; Restatement of Torts, § 757(b).

■ With the right to ultimate relief so controverted on factual and substantial legal grounds, a preliminary injunction may not issue, for, by it, the plaintiffs would now obtain the same full relief to which they should be entitled only after a trial and a determination in their favor of the factual and other issues here presented.[2]

■ Sufficient, however, has been shown by the moving affidavits and the depositions of the individual defendants to warrant setting the case down for a prompt trial, and with the consent of the Chief Judge, it is set for trial at the head of the calendar for February 2, 1953.

The challenge to jurisdiction by the defendant Betti Pearson, Inc. is overruled. A careful review of the papers sets forth enough to bring the case within the rationale of International Shoe Co. v. Washington, 326 U.S. 310, 317–320, 66 S.Ct. 154, 90 L.Ed. 95.

Settle order on notice.

2.   Anderson-Friberg, Inc. v. Justin R. Clary & Son, D.C., 98 F.Supp. 75.