### FLEX–LET CORP. v. CURRAN et al.

Civ. A. 1526.

United States District Court
D. Rhode Island.
March 26, 1953.

Alfred E. Motta and Santi J. Paul, of Providence, R. I., for plaintiff.

Herman J. Aisenberg, of Providence, R. I., for defendants.

LEAHY, District Judge.

This matter was heard on plaintiff's motion under Rule 65 of the Federal Rules of Civil Procedure, 28 U.S.C.A., for a preliminary injunction against the defendants.

This is a civil action for alleged infringement of a trade-mark, unfair competition, and breach of contract, and is brought by Flex-Let Corporation, a corporation duly organized and existing under the laws of the State of Rhode Island, and having its principal office in East Providence, Rhode Island, against Raymond F. Curran and Dorothy P. Curran, doing business in Providence, Rhode Island under the partnership name of Ray Curran & Co.

The jurisdiction of the Court is based upon the Trade Mark Act of 1946, 15 U.S.C.A. § 1051 et seq.

The plaintiff's complaint alleges in substance that the plaintiff is the owner of the trade-mark Flex-Let; that the defendants knew at all times relevant to this action of the prior use by the plaintiff of said trade-mark; and that the defendants knew that said trade-mark was registered by the plaintiff in the United States Patent Office. The complaint alleges further that in the Spring of 1952 the defendants agreed to manufacture exclusively for the plaintiff a line of men's jewelry, using the plaintiff's trade-mark thereon; that commencing in or about the Fall of 1952, the defendants infringed said trade-mark and violated their agreement with the plaintiff by manufacturing and distributing for sale, to persons other than the plaintiff, products which the defendants were required to manufacture exclusively for the plaintiff and which were impressed with the plaintiff's said trade-mark; and that the defendants' said use of the plaintiff's trade-mark was without the license or consent of the plaintiff. The complaint further alleges that as a result of the alleged infringement of the plaintiff's trade-mark and the alleged unfair acts of competition of defendants, the value of the plaintiff's trade-mark has been seriously damaged and the plaintiff has lost business and profits. The complaint concludes with a prayer for injunctive relief, for the destruction of defendants' inventory of unsold products which infringe the plaintiff's trade-mark, for damages, and for other relief.

No oral testimony was introduced by either of the parties, but in support of the allegations in its complaint the plaintiff has filed affidavits by an officer of the plaintiff.

The defendants have not yet filed an answer to the complaint, but they, too, have filed affidavits, in which they deny that they sold, without plaintiff's license and consent, goods bearing the plaintiff's trade-mark. They further deny that they violated any agreement between the plaintiff and the defendants. The defendants affirmatively assert that all the goods manufactured by them and which bore the Flex-Let trade-mark were sold and delivered exclusively to the plaintiff, with the exception of certain goods, not exceeding the value of $300, which plaintiff had rejected and which defendants had accumulated over a period of time. The defendants' affidavits further state that these goods were sold by the defendants to others with the prior express approval of a named officer of the plaintiff, and that they were sold to those types of businesses which were approved of as purchasers by the plaintiff. The defendants' affidavits further state that at the time of the issuance of the complaint in this action, and since that time, the defendants have not had in their possession any merchandise manufactured by the defendants for the plaintiff and bearing the plaintiff's trade-mark.

An application for a preliminary injunction is addressed to the sound discretion of the court. Hannan v. City of Haverhill, 1 Cir., 1941, 120 F.2d 87, certiorari denied, 314 U.S. 641, 62 S.Ct. 81, 86 L.Ed. 514. The granting of a preliminary injunction is an exercise of a very far reaching power, never to be indulged in except in a case clearly demanding it. Hannan v. City of Haverhill, supra. The burden is on the plaintiff to establish a clear right to temporary injunctive relief. Chase v. Rieve, D.C.S.D.N.Y.1950, 90 F.Supp. 184. In order to meet this burden, the plaintiff is required to show probable future irreparable injury. Worthington Pump & Machinery Corp. v. Douds, D.C. S.D.N.Y.1951, 97 F.Supp. 656. The remedy of an injunction is thus preventative and looks only to the future. It cannot be invoked for the purpose of punishment for wrongful acts already committed. Minneapolis & St. L. Ry. Co. v. Pacific Gamble Robinson Co., 8 Cir., 1950, 181 F.2d 812.

In the instant case the complaint of the plaintiff fails to allege facts showing probable future irreparable injury. Such an allegation is an essential part of a demand for a preliminary injunction. In re South State Street Bldg. Corporation, 7 Cir., 1943, 140 F.2d 363, certiorari denied, Hofheimer v. Gold, 322 U.S. 761, 64 S.Ct.

1279, 88 L.Ed. 1588. Nor does there appear to be proof of such facts in this case. It has not been shown that the defendants now have in their possession merchandise bearing the plaintiff's trade-mark, or that the defendants contemplate manufacturing or selling such merchandise in the future. It does not appear that there is a substantial controversy between the parties as to future activities, or that the defendants are presently committing an act or threatening the immediate commission of an act that is likely to cause irreparable injury to the plaintiff or is likely to destroy the status quo of the controversy before full hearing can be had on the merits. Missouri-Kansas-Texas R. Co. v. Randolph, 8 Cir., 1950, 182 F.2d 996; Meiselman v. Paramount Film Distributing Corp., 4 Cir., 1950, 180 F.2d 94. Irrespective of what the conduct between these parties may have been in the past, the Court is not satisfied that there is any present or threatened future activity of the defendants which should be enjoined at this time.

The plaintiff's motion for a preliminary injunction is therefore denied.