**DAVIS ELECTRONICS CO. et al.**
v.
**CHANNEL MASTER CORP.**

United States District Court
S. D. New York.
Dec. 3, 1953.

John B. Cunningham, Davis, Hoxie & Faithfull, New York City, for plaintiffs.

Darby & Darby, New York City, Morris Relson, New York City, and Louis Berger, Ellenville, N. Y., of counsel, for defendant.

SUGARMAN, District Judge.

Davis Electronics Co. (Davis) and Lewis H. Finneburgh, Jr., Morris L. Finneburgh, Sr., and Morris L. Finneburgh, Jr., doing business as The Finney Company (Finney) commenced an action in this court on October 17, 1953 against Channel Master Corporation (Channel Master) seeking an injunction, a declaratory judgment, an order that defendant retract alleged libels, special and punitive damages and attorneys' fees and costs.

The complaint alleges in substance that jurisdiction is founded on diversity of citizenship and jurisdictional amount.[1] It is further alleged that each plaintiff is and has been engaged in the business of designing, manufacturing, advertising and selling high quality television antennae, which are distinguished by certain unique features. That, through extensive advertising and promotion throughout the United States, plaintiffs have been very successful in marketing their respective television antennae, enjoying an ever increasing reputation and

1. 28 U.S.C.A. § 1332.

business goodwill. Plaintiffs then allege that the design and configuration of their respective antennae identifies to the trade and public each plaintiff's product as distinguished from the antenna of any other manufacturer. That the defendant has recently put on the market a competing antenna, sold generally throughout New York State and elsewhere in the United States. That in the sales promotion of its antenna, defendant has caused certain advertisements to be published in various periodicals and trade journals throughout the United States which plaintiff claims contain improper, unfair, malicious and untrue statements with the deliberate intent to injure plaintiffs. Claiming that the publication of these advertisements constitute malicious interference and unfair competition with the plaintiffs, trade libel and libel *per se,* plaintiffs seek the relief briefly set forth above.

The advertisements of which plaintiffs complain extol the claimed qualities of defendant's "Champion" VHF antenna. In a typical example of the accused advertising, there is shown immediately below the words "This antenna * * *" a sketch of defendant's "Champion". Beneath the sketch of the "Champion" is the word "Out-Performs:" under which appear in each of four small rectangles the word "this * * *" above a sketch of a television antenna. These smaller sketches show four different types of antenna. The first antenna which the advertisement claims is outperformed by the "Champion" is said to be readily distinguishable as the plaintiff Finney's "Finco 400" or "400 A" and the antenna next to it is said to be identified by its appearance as plaintiff Davis' "Super Vision VHF All Channel" antenna.

On affidavits and exhibits tending to sustain the allegations of the complaint, the plaintiffs move for a temporary injunction in accordance with the prayer of the complaint. It is admitted by defendant that thousands of copies of the promotional material have been distributed and thousands more are on hand for distribution to defendant's distributors and through them to defendant's dealers. Defendant cross-moved in open court to dismiss the complaint as insufficient on its face.

Davis alleges in its complaint that defendant, in preparing the sketch of the Davis antenna for use in the accused advertisements, slavishly copied a sketch previously prepared by Davis' draftsman and that it included an error with respect to the lead-in wire support. On this motion, Finney too alleges that defendant copied the sketch of the Finney antenna from Finney's own advertising matter.

■ Plaintiffs' first claim that defendant, by copying the distinctive sketches of each plaintiff's antenna, is engaged in unfair competition with plaintiffs is without merit. Plaintiffs do not contend that defendant is exploiting the design of plaintiffs' antennae to palm off defendant's antenna as the product of plaintiffs.[2]

■ Nor does it appear that the sketches used by defendant were obtained through breach of a trust or under such other circumstances that a court of equity would be impelled to enjoin defendant from making lawful use of the material copied from advertisements published by plaintiffs.[3]

Plaintiffs urge, further, that the use by defendant of plaintiffs' sketches in the manner hereinabove set forth is also not lawful because it is libelous *per se* and constitutes trade disparagement of each plaintiff's product.

For purposes of the motion for a temporary injunction, I accept plaintiffs' contention that the defendant, in its advertising, says, in effect, "My antenna, the 'Champion', outperforms the 'Finco 400' or '400 A', the Davis 'Super Vision

---

2. See Chas. D. Briddell v. Alglobe Trading Corp., 2 Cir., 194 F.2d 416.

3. Cheney Bros. v. Doris Silk Corporation, ■■■■■■■■

2 Cir., 35 F.2d 279; Nims, Unfair Competition and Trade Marks, 4th Ed., § 291 et seq.

VHF All Channel' and two other antennae of identifiable origin".

■ However, I find that plaintiffs have not shown on the papers and exhibits submitted that probability of success on a trial that must be shown before a preliminary injunction may issue.[4]

■ Defendant answers the contention that its advertisement is a libel by asserting that in fact, its "Champion" does outperform any of the antennae illustrated in its advertisement. Without proof by plaintiff that the statement is at least probably untrue, no preliminary injunction may be granted to restrain the alleged libel. *A fortiori*, in the absence of proof of the falsity of defendant's advertisements, it cannot be said at this time that the claim of trade disparagement will probably be sustained on the trial.

Accordingly, plaintiffs' motion for a temporary injunction is denied.

Defendant's motion to dismiss the complaint in essence urges that even if its advertising is in fact false, in that its "Champion" does not "outperform" the antennae of the respective plaintiffs, nevertheless, a false claim that it does is not libelous, being excused as mere trade "puffing".[5]

■ The complaint, however, alleges that the defendant published its false claims to superiority "with malice and wrongful and willful intent". This allegation read with the rest of the complaint is sufficient to preclude granting of defendant's motion to dismiss.[6] A "complaint should not be dismissed for insufficiency *unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.*"[7]

■ Nor is there merit to defendant's contention that the complaint is fatally defective for failure to allege special damages. Unlike the complaint in Eversharp, Inc. v. Pal Blade Co.,[8] the instant pleading sets forth allegations of fact showing *prima facie* some special damage.

Defendant's motion to dismiss the complaint is likewise denied. Settle order in conformity with the foregoing.

---

4. Bobbs-Merrill Co. v. Straus, 2 Cir., 147 F. 15 at page 19, affirmed 210 U.S. 339, 28 S.Ct. 722, 52 L.Ed. 1086.

5. National Refining Co. v. Benzo Gas Motor Fuel Co., 8 Cir., 20 F.2d 763.

6. Advance Music Corp. v. American Tobacco Co., 296 N.Y. 79, 70 N.E.2d 401;

Nims, Unfair Competition and Trade Marks, 4th Ed., § 164, p. 457, § 182, p. 503.

7. Moore's Fed.Prac., 2nd Ed., Vol. 2, para. 12.08, p. 2245.

8. 2 Cir., 182 F.2d 779.