**Henry M. MARGOLIS, Plaintiff,**

v.

**Abraham A. FRANKS, Defendant.**

United States District Court
S. D. New York.
Feb. 17, 1956.

Squadron & Alter, New York City, for plaintiff.

Lynton & Saslow, New York City, for defendant.

IRVING R. KAUFMAN, District Judge.

In this action which is grounded on an alleged joint venture between the parties with respect to certain uranium

mining claims, the plaintiff seeks the appointment of a receiver and a temporary injunction restraining the defendant from transferring or in any way encumbering or disposing of any interest in certain specific claims located on property believed to contain uranium deposits. The facts are in serious dispute. The positions of the parties clash on every vital point. The plaintiff insists that a joint venture agreement was entered into which is denied by the defendant.

The plaintiff's motion which is not supported by a moving affidavit but is dependent upon the verified complaint and a reply affidavit by counsel alleges the joint venture in certain specific properties, with plaintiff's participation in that venture in the percentages designated. Defendant not only denies that any such venture was finally entered into but insists that he had never in any way solicited plaintiff's services in connection with the uranium mining claims. He asserts, however, that on June 29, 1954, at the office of his Boston attorneys, he offered to give plaintiff certain specified participations in the net profits of certain uranium mining claims. This offer was to be on certain specific conditions, such as that the defendant would have sole control and management of the claims and that plaintiff would indemnify defendant to the extent of his proportionate interest for any loss. This the defendant attempted to formalize by letter dated December 8, 1954, with which he forwarded certain proposed certificates of beneficial interest to the plaintiff. Defendant insists that these proposed certificates of beneficial interest were never returned executed to him. Defendant says that conferences continued and that he renewed his offer to hold the following beneficial interests for the plaintiff, to wit: a 2% interest in the whole of the "Penn-Uranium" transaction, a participation to the extent of 4% in his interest in the "National Lead" claims, a 2% interest in the "Bryant" claims and 20% of any profit which might materialize in the

"Stud Horse Buttes" situation and in the "Mercury" and "San Juan" deals. This offer was repeated in a letter forwarded by the defendant's Boston attorneys to the plaintiff on March 1, 1955. Defendant insists that plaintiff made no objection to counsel's offer of March 1, 1955, nor was there any acceptance. On June 22, 1955, plaintiff's counsel forwarded to defendant's Boston attorneys what the defendant characterizes as a "counter-draft" of defendant's previous plan. The defendant insists that because plaintiff's counsel attempted to change the conditions of the understanding between plaintiff and defendant, by providing for a legal interest for the plaintiff as distinguished from a beneficial one, and made no provision for plaintiff's obligation to reimburse defendant for loss, an impasse resulted and the deal was abandoned. Furthermore, defendant insists that an offer to rescind not only the instant specific transaction but the so-called "Nyal" deal in which plaintiff and defendant had been engaged was made by plaintiff's counsel and accepted by defendant's counsel. This offer of rescission is denied by plaintiff's counsel. Defendant also asserts in his affidavit that the "Stud Horse Buttes", "San Juan" and "Mercury" transactions are dead matters in which he never acquired any interests or profits. In conclusion, defendant makes the flat assertion that he is financially responsible for any judgment which may be recovered.

It has always been the rule that the power to issue an injunction is an extraordinary one which should be used with moderation and then only in a clear and unambiguous case. City of Harrisonville, Mo. v. W. S. Dickey Clay Mfg. Co., 1933, 289 U.S. 334, 338, 53 S.Ct. 602, 77 L.Ed. 1208; Hunnewell v. Cass County, 1874, 22 Wall. 464, 89 U.S. 464, 22 L.Ed. 752; Irwin v. Dixion, 1850, 9 How. 10, 26–29, 50 U.S. 10, 26–29, 13 L.Ed. 25. Courts of equity should not use the extraordinary remedies of a temporary injunction and the appointment of a receiver merely to allay liti-

gants' fears in a case where the facts are so sharply disputed and where plaintiff's assertions in his complaint seem to be contradicted by exhibits attached to the opposing affidavits. Worthington Pump & Machinery Corporation v. Douds, D.C.S.D.N.Y.1951, 97 F.Supp. 656; Northrop Corp. v. Madden, D.C. S.D.Cal.1937, 30 F.Supp. 993.

After reading the papers submitted on the instant application, I am left with uncertainty as to the plaintiff's likelihood of ultimate success. While a trial may show that the parties contemplated a joint venture, it may also show that they never carried into effect their contemplation. Furthermore, it is entirely likely that a trial may show that the offer to rescind by plaintiff's counsel was indeed a proper offer, properly accepted before plaintiff's counsel sent his letter of July 1, 1955. Indeed, so much is left doubtful on the record before me that the denial of this application is inescapable. American Visuals Corp. v. Holland, 2 Cir., 1955, 219 F.2d 223; Huber Baking Co. v. Stroehmann Bros. Co., 2 Cir., 1953, 208 F.2d 464; Hall Signal Co. v. General Ry. Signal Co., 2 Cir., 1907, 153 F. 907; Owsley v. Yerkes, C.C. S.D.N.Y.1911, 185 F. 686.

Moreover, in view of the financial responsibility of the defendant, which is not disputed by the plaintiff, I am not convinced that any damages which may be suffered by the plaintiff before the case can be tried on the merits will be irreparable. Huber Baking Co. v. Stroehmann Bros. Co., supra; Foundry Services, Inc., v. Beneflux Corporation, 2 Cir., 1953, 206 F.2d 214; Papaliolios v. Durning, 2 Cir., 1948, 167 F.2d 737; American Mercury, Inc., v. Kiely, 2 Cir., 1927, 19 F.2d 295.

I note in passing that the calendars of the Southern District are now current and a trial may be had within several weeks after the parties indicate that they are ready for trial.

Plaintiff's motion for the appointment of a receiver and a temporary injunction is denied. So ordered.