**IVY BROADCASTING COMPANY, Inc.,**
**Plaintiff,**

**v.**

**AMERICAN TELEPHONE AND TELE-
GRAPH COMPANY**

**and**

**New York Telephone Company,**
**Defendants.**

**Civ. No. 10138.**

United States District Court
N. D. New York.

Sept. 28, 1964.

Thaler & Thaler, Ithaca, N. Y., Manley H. Thaler, Ithaca, N. Y., of counsel, for plaintiff.

Costello, Cooney & Fearon, Syracuse, N. Y., George R. Fearon, Syracuse, N. Y., of counsel, for defendants.

PORT, District Judge.

The plaintiff seeks an order "staying the threatened discontinuance of service, as outlined by the New York Telephone Company in said letter[1] until a decision and order have been made on the motions now pending before this court, or until final determination of the issues involved in the above entitled action".

The letter of September 10, 1964 is attached to the affidavit upon which the court granted an order to show cause,

---

I. Letter from New York Telephone Company to plaintiff, dated September 10, 1964.

dated September 15, 1964, bringing on this motion returnable September 21, 1964.

The letter from the New York Telephone Company (telephone company) to the president of the plaintiff demands payment of the sum of $12,915.35 on certain accounts claimed to be due from the plaintiff by September 17, 1964. The plaintiff is advised in the letter that the alternative to payment will be a suspension of the service provided under the account for which payment is demanded, pursuant to the provisions of the applicable tariff.

The stay or temporary injunction is sought until the decision of the following motions:

1. A motion on the part of the telephone company for summary judgment dismissing the plaintiff's complaint and granting judgment on the defendant's counterclaim and for other incidental relief.

2. A motion on behalf of defendant A. T. & T. for summary judgment dismissing the complaint, in whole or in part, and granting affirmative judgment to said defendant on its counterclaim and other incidental relief.

3. Cross-motion on the part of the plaintiff for permission to amend its complaint in various respects; for an order striking a number of defenses from the answer of the defendant A. T. & T. and further striking a number of defenses from the amended answer of the defendant telephone company.

The motion designated (1) above was brought on by an order to show cause signed by the undersigned on August 25, 1964. The application for the order to show cause was supported by an affidavit of defendants counsel, which stated that the taking of depositions by the parties scheduled to commence on the following day "would require effort and expense on the part of the litigants, all or a substantial part of which may be avoided by the motion for summary judgment".

The court in an effort to eliminate unnecessary time and expense to the litigants, incorporated in the order to show cause a provision that "all proceedings by all parties be stayed, including the taking of the depositions of the plaintiff by defendant, New York Telephone Company * * * and the taking of the depositions of defendant, New York Telephone Company by plaintiff * * *."

It was the court's intention to avoid the taking of all depositions if the determination of the motion for summary judgment concluded the litigation.

Upon the argument of these motions on September 14, 1964, no question was raised by any of the parties as to the interpretation to be placed on the stay contained in the show cause order granted August 25, 1964. Decision was reserved on all motions, and time was allowed for the submission of briefs.

The order to show cause bringing on the present motion, contained a temporary restraining order staying the telephone company from suspending service as threatened in its letter of September 10, 1964, until the hearing and determination of this motion.

On the oral argument of the motions, the court extended the temporary restraining order to and including September 28, 1964, in order to preserve the status quo for sufficient time to allow the plaintiff to seek relief from the Federal Communications Commission.

On July 2, 1964, the telephone company notified the plaintiff that service would be suspended unless payment of certain accounts was received by July 10, 1964. On July 6, 1964, the plaintiff faced with the threatened discontinuance of service by the telephone company on July 10, 1964, made an informal complaint to the Commission requesting that the telephone company be ordered to cease and desist from such threatened suspension of service. Acting on the informal complaint, the Commission by letter dated July 7, 1964, requested the telephone company to continue to furnish present communication service to the plaintiff and to submit a reply to the complaint filed by the plaintiff. On August

17, 1964, the telephone company made answer to the informal complaint of the plaintiff in a lengthy letter memorandum, concluding with a request that the Commission dismiss the informal complaint and advise the plaintiff that the telephone company might terminate radio line accounts if payment of the disputed charges was not made promptly.

By letter dated August 27, 1964, plaintiff's Washington, D. C. counsel advised the Commission of the show cause order granted by the undersigned dated August 25, 1964, and enclosed a copy to the Commission. Counsel's letter states in part as follows:

"Since the Court's order applies to 'all proceedings by all parties', it could be interpreted to stay while in effect, Ivy's intended response to the merits of the Telephone Company's August 17th letter to the Commission relevant to the pending informal complaint proceeding, as well as any action by either party in respect to all such matters.

"Such being the case, and for the time being, we feel that we are restrained from doing any more than bringing these documents to your attention, at least until the New York Telephone Company by its actions, or the Court by elaboration of its rulings, places a different interpretation on this Court Order."

It can be inferred that plaintiff's letter was delivered at the Commission on the following day and probably resulted in the Commission's letter, dated September 1, 1964, to the plaintiff's counsel, with copies to the defendants advising that "the Commission finds no further reason to request the New York Telephone Company to refrain from its efforts to collect sums due and owing for services rendered under its tariffs." The Commission's letter of September 1, 1964 triggered the telephone company's letter of September 10, 1964 threatening the suspension of service.

In support of its application for the show cause order dated September 15, 1964, and in support of its request that the show cause order contain a temporary restraining order staying the suspension of service, the president of the plaintiff filed an affidavit alleging—

"That deponent has been advised by counsel for the plaintiff in Washington, D. C. that the Federal Communications Commission refused to continue its restraining order beyond September 1 because of the fact that it was called to its attention that a restraining Order had been granted by this Court restraining all proceedings by either party and that the Commission therefore took the position that its action was mere surplusage because the original District Court action [2] had been commenced prior to the application to it for a restraining Order."

At the time the Commission assumed jurisdiction under the informal complaint filed by the plaintiff, no claim had been made in the pending action by the telephone company for the payment of any past due accounts. Although the defendant telephone company's answer to the Commission in reference to the informal complaint filed by the plaintiff was dated the day after the filing of the counterclaim by the telephone company, no mention of the pending counterclaim is made in the answer.

Since the action of the Commission could have resulted from a misconstruction of the stay in the court order of August 25, 1964, the court on the argu-

2. Complaint was filed June 5, 1964.
Defendant telephone company, filed an answer June 29, 1964.
Defendant A. T. & T. filed an answer and counterclaim July 6, 1964.
Defendant telephone company, filed an amended answer containing a counterclaim not included in its original answer, seeking $14,754.80 for allegedly unpaid bills due from the plaintiff on July 16, 1964, ten days after the informal complaint to the Commission. The counterclaim included the same items on which the telephone company sought to suspend service unless paid.

ment of this motion, in order to eliminate any question of the court's intention, amended the language of the order from the bench on its own motion, and specifically stated to the parties that the only proceedings that the court intended to stay was the proceedings to be taken pursuant to the notices to take the plaintiff's deposition and the cross-notice to take the deposition of the defendants. It was not the court's intention to stay any other proceeding. The stay in the order of August 25, 1964, was issued as part of the court's control and superintendence of depositions and discovery proceedings.

It was not intended to interfere in any way with the proceeding then pending before the Commission. Upon the argument of the motion, the parties were advised that the stays granted in either of the show cause orders were not to be construed as preventing any of the parties from taking any action before the Commission which they deemed appropriate, nor to prevent the Commission from taking such action as it may deem appropriate. In fact, the temporary restraining order contained in the show cause order of September 10, 1964 was deliberately extended beyond its effective ten (10) day period under F.R.Civ.P. Rule 65, in order to allow the plaintiff to proceed, if it saw fit, before the Commission.

There is no doubt that the plaintiff has received some services for which it has not paid. Its refusal to pay is grounded upon its claim that the billings to it by the telephone company are lacking in detail.

There is no showing that even if an over-payment is made, that it will be unable to recover any resultant damages. There is no claim made that the defendant telephone company is not financially able to satisfy any claimed liability to the plaintiff. The plaintiff has failed to establish that it will suffer irreparable injury, if the stay it seeks is denied. Margolis v. Franks, D.C.S.D.N.Y.1956, 138 F.Supp. 9; Foundry Services, Inc. v. Beneflux Corporation, 2 Cir., 206 F.2d 214.

The situation in which the plaintiff finds itself is not greatly different than that of the plaintiff in Papaliolios v. Durning, 2 Cir., 167 F.2d 737, in which a motion for a temporary injunction was denied.

The plaintiff's motion for a stay and temporary injunction is denied, and it is

So Ordered.