**Irving NEWMAN, individually and doing business as Irving Newman Company, Plaintiff,**

v.

**HOLOBEAM, INC., Defendant.**

**No. 70 Civ. 4979.**

United States District Court,
S. D. New York.

Dec. 10, 1970.

Stanley I. Schonbrun, New York City, for plaintiff; Martin Paul Solomon, New York City, of counsel.

Sandoe, Hopgood & Calimafde, New York City, for defendant; Paul H. Blaustein, New York City, of counsel.

OPINION

EDWARD WEINFELD, District Judge.

Plaintiff engaged the defendant to perform certain preliminary feasibility studies for the drilling of diamonds by the use of a laser beam system. Plaintiff alleges that on the basis of those studies he agreed to purchase one Model 671A Laser Diamond-drilling system from the defendant at a unit price of $25,860; that it was agreed the defendant was to protect plaintiff from disclosure to others of the knowledge, technique, information and capability which

plaintiff alleges the defendant acquired from him during the feasibility studies; also that the defendant agreed to give plaintiff "a right of first-option purchase of any similar laser diamond-drilling system" to be developed, constructed and sold by defendant.

The plaintiff further alleges that the defendant is about to sell a Model 671A Laser Diamond-drilling unit and that in connection therewith the defendant will divulge to third parties the information, technique, methods and capability allegedly acquired from plaintiff in a confidential relationship while the feasibility studies were being performed, and thus deprive plaintiff, to his irreparable injury, of the benefit of his trade secrets so disclosed by virtue of the confidential relationship. Plaintiff seeks to enjoin the defendant from divulging such information and from selling any such unit to anyone else without first giving plaintiff a first option to purchase the machine.

The defendant, based upon affidavits of employees who conducted the feasi-

bility studies, denies plaintiff's claim that any confidential information was revealed to it; the employees assert they had prior experience in the field of lasers and had previously performed experiments relating to the drilling of diamonds. Defendant denies that plaintiff made any contribution "with respect to the laser apparatus or laser system which (defendant) intended to sell."

 Upon a full consideration of the record here presented,[1] the motion for a preliminary injunction is denied.[2]

1. There is a substantial dispute that plaintiff divulged, as a result of or during any confidential relationship, any information as to methods or techniques with respect to a laser system not previously known to the defendant or its employees.[3]

2. There is a substantial issue as to what the parties intended by the term "the right of first-option purchase of any similar laser diamond-drilling system," appearing on the invoice dated August 6,

1. References in the affidavits to settlement negotiations between the parties have been disregarded on this motion. The original agreement between the parties, evidenced by a Holobeam invoice form annexed as Exhibit A to plaintiff's moving affidavit, was for the purchase of a "Model 671A Laser Diamond-drilling System" at a price of $25,860. The machine contracted for was to be capable of drilling diamonds to a depth of 0.25 inches. The complaint alleges that defendant had refused to deliver this machine, and seeks specific performance in addition to injunctive and declaratory relief. Allegedly the defendant has been unable to make a machine with this depth of drilling capability. Since the argument of the motion plaintiff has submitted an affidavit that he is willing to accept a machine which can drill to a depth of 0.09 inches. The affidavit also states the plaintiff, subject to certain conditions, elects to take a different model at a lesser price than the one originally agreed upon.

2. A preliminary injunction is "an extraordinary remedy, and will not be granted except upon a clear showing of probable success *and* possible irreparable injury." Checkers Motors Corp. v. Chrysler Corp.,

405 F.2d 319, 323 (2d Cir.), cert. denied, 394 U.S. 999, 89 S.Ct. 1595, 22 L.Ed.2d 777 (1969); *see also* Clairol Inc. v. Gillette Co., 389 F.2d 264, 265 (2d Cir. 1968); Imperial Chem. Indus. Ltd. v. National Distillers & Chem. Corp., 354 F.2d 459, 461–462 (2d Cir. 1965). A preliminary injunction will not issue where there are sharply contested issues of fact. Hudson Pulp & Paper Corp. v. Swanee Paper Corp., 223 F.Supp. 617, 619 (S.D. N.Y.1963); Heyman v. Ar. Winarick, Inc., 166 F.Supp. 880, 883 (S.D.N.Y. 1958); Franke v. Wiltschek, 109 F.Supp. 841, 843 (S.D.N.Y.1953).

3. Plaintiff has submitted an affidavit enumerating in detail the several respects in which he claims he contributed to the adaptation of the laser for diamond drilling. Defendant has replied with equally detailed counter-affidavits. "Where a case contains complicated technical aspects the court should have the benefit of expert opinion clarified by cross-examination, and should not resolve the technical dispute upon conflicting affidavits submitted in support of a motion for a preliminary injunction." Heyman v. Ar. Winarick, Inc., 166 F.Supp. 880, 883 (S.D.N.Y.1958).

1970;[4] also, as to its duration, which is not specified on the invoice wherein the phrase appears. If plaintiff's interpretation is adopted, in effect it will have a monopoly on an unpatented product. Any such claim should be established by clear and convincing evidence, which is lacking at this stage of the proceeding.

3. Most important, plaintiff has failed to make an adequate showing of likely irreparable injury if defendant is permitted to sell the machine or other machines of the same type subsequently manufactured.[5] The injury, if any, that plaintiff may suffer if he sustains his claim is calculable and can be compensated by money damages.[6] The issues are such that the case should proceed to trial.

This disposition is without prejudice to an application by plaintiff for a preference in accordance with the rules of the court.

---

4. Plaintiff acknowledges that his interpretation of the first-option agreement is that "once [he] accepts the first option, Holobeam could not sell any such machines to the public for the term of the option." Defendant's position is that the option was "limited to offering to Mr. Newman at the time we received an order for a laser drilling machine from a third person, the right to purchase the laser drilling machine at the same price we were to sell to the third party."

5. *Cf.* Imperial Chem. Indus. Ltd. v. National Distillers & Chem. Corp., 354 F.2d 459, 461–462 (2d Cir. 1965).

6. *See* Kontes Glass Co. v. Lab. Glass, Inc., 373 F.2d 319, 320 (3d Cir. 1967) (failure to show damages could not be calculated with any precision) ; Foundry Services, Inc. v. Beneflux Corp., 206 F.2d 214, 216 (2d Cir. 1953) (no irreparable injury because loss from deprivation of competitive advantage could be adequately redressed by money damages) ; Different Drummer Ltd. v. Textron, Inc., 306 F. Supp. 672, 675 (S.D.N.Y.1969) (money damages would be adequate compensation and calculable).