## WESTERN STATES MACH. CO. v. S. S. HEPWORTH CO.

### No. 90.

Circuit Court of Appeals, Second Circuit.

Dec. 3, 1945.

Hammond & Littell and Albert C. Johnston, all of New York City, for plaintiff-appellee.

Howson & Howson, of New York City (Charles H. Howson and W. F. Sonnekalb, Jr., both of New York City, of counsel), for defendant-appellant.

Before SWAN, CHASE, and CLARK, Circuit Judges.

CHASE, Circuit Judge.

On a previous appeal by this appellant from an interlocutory decree of the District Court for the Eastern District of New York we in part affirmed and in part reversed the judgment below and dismissed the complaint with costs. Western States Mach. Co. v. S. S. Hepworth Co., 147 F. 2d 345.

In the decree from which that appeal was taken the district court had held claim 10 of U. S. Pat. No. 2,096,341 and claims 2, 6 and 11 of U. S. Pat. No. 2,145,633, called respectively in our former opinion the Brake Cooling Patent and the Separator Patent, valid though not infringed but no error in that respect was relied on and we did not consider that portion of the interlocutory decree.

When our mandate went down the appellant submitted a proposed final decree to the district court providing for the needed changes in the interlocutory decree to make that conform to our mandate and also omitting the paragraphs in the interlocutory decree which adjudged the above mentioned claims valid but not infringed. The court declined to sign that decree and instead entered a final decree which altered the interlocutory decree only as required by our mandate. This appeal is from the final decree and is limited to a reformation of it in respect to the holding that these claims, not found to have been infringed, are valid.

The interlocutory decree was entered in the district court on December 20, 1943. The appeal from that was taken on January 13, 1944. Our opinion was handed down on January 16, 1945 and after a petition for rehearing had been denied judgment was entered in this court on February 9, 1945. Our mandate issued the same day and a decree on mandate was entered in the district court on February 19, 1945. Thereafter a motion in this court to recall and revise the mandate in respect to costs was granted and on April 4, 1945 it was amended as to costs and the decree in the district court was entered in conformity thereto on May 12, 1945. This appeal was taken on May 18, 1945.

The appellee has moved to dismiss (1) on the ground that the appeal was not timely; (2) that "it is not an appeal from proceedings subsequent to the mandate of this court on the first appeal"; (3) that reformation of the interlocutory decree to omit the holding of validity as to claims not infringed "was never sought by any motion duly addressed to the District Court, and the record shows no denial or refusal of such relief by the District Court," and (4) that "the relief sought by this appeal was beyond the authority of the District Court and Rule 60, Federal Rules of Civil Procedure [28 U.S.C.A. following section 723c], at all times after this court's disposition of appellant's first appeal."

We think the motion to dismiss should be denied. This appeal is out of time only when treated as an appeal from the interlocutory decree which had to be taken within thirty days. 28 U.S.C.A. § 225(b). It is timely if an appeal would lie from the final decree solely to correct errors in the interlocutory decree which were carried into, and made a part of, the final decree even though they were errors which could have been brought up for review on the first appeal but were not. The errors claimed were called to the attention of the district court and the provisions of Rule 60 F.R.C.P. do not apply.

While it would be desirable, to the end that so-called "piecemeal" appeals might be avoided in cases where appeals from interlocutory decrees are allowed, to have all errors in the interlocutory decree corrected whenever an appeal is taken therefrom, we do not understand that a party who fails to do so thereby loses any rights, as to matters not relied on in the first appeal and not considered in this court, that he would have had if no appeal from the interlocutory decree had been taken.

It has long been understood that in cases where an appeal might have been, but was not, taken from an interlocutory decree the failure to do so does not restrict the scope of an appeal from the final decree. Marden v. Campbell Printing-Press & Manufacturing Co., 1 Cir., 67 F. 809, 816; Australian Knitting Co. v.

Gormly, C.C., 138 F. 92. When, however, an appeal from an interlocutory decree is taken the decision of the appellate court is conclusive as to those issues which were expressly decided, or necessarily determined, in reaching its decision. In re Sanford Fork & Tool Co., 160 U.S. 247, 16 S.Ct. 291, 40 L.Ed. 414. Upon remand to the court below that court is bound to give full effect to the mandate of the appellate court and a second appeal is confined to that question and to matters arising after the entry of the decree on mandate, for none of the issues so previously resolved by the appellate court are open for review on another appeal. Bissell Carpet Sweeper Co. v. Goshen Sweeper Co., 6 Cir., 72 F. 545; Smith v. Vulcan Iron Works, 165 U.S. 518, 17 S.Ct. 407, 41 L.Ed. 810.

Yet it does not necessarily follow that, as to issues which were not presented for consideration on the appeal from the interlocutory decree and were not decided by the appellate court, the court below is on remand powerless to correct errors in the interlocutory decree, or if it does not do so but incorporates them in the final decree, an appeal from the latter will not reach them. Cf. A. & R. Realty Co. v. Northwestern Mut. Life Ins. Co., 8 Cir., 95 F.2d 703, 707.

The decree from which the previous appeal was taken ordered an accounting as to the two patents above mentioned and was interlocutory as to matters involving their claims. Ex Parte National E. & S. Co., 201 U.S. 156, 26 S.Ct. 404, 50 L.Ed. 707; Thompson-Houston Electric Co. v. Nassau Electric R. Co., 2 Cir., 112 F. 676; Western Silo Co v. Morris, 8 Cir., 33 F.2d 285. The district court was left free to decide correctly in accordance with the applicable law all issues respecting those claims which were not involved in the appeal heard in this court and not embraced in our mandate. In Re Sanford Fork & Tool Co., supra. Our decision on the previous appeal did require a dismissal of the complaint on the merits; and our mandate foreclosed any action in the district court inconsistent with that. But errors in the interlocutory decree not passed upon in this court and not embraced in our mandate were not made immutable; and the district court was not required to carry into the final decree errors which had lurked unnoticed by this court in the interlocutory decree. Compare, Simmons Co. v. Grier Bros. Co., 258 U.S. 82, 42 S.Ct. 196, 66

L.Ed. 475. If it did so the final decree became subject to correction upon appeal therefrom. In re Sanford Fork & Tool Co., supra; Hinckley v. Morton, 103 U.S. 764, 26 L.Ed. 458; McCourt v. Singers-Bigger, 8 Cir., 150 F. 102.

It was error to hold the claims above mentioned valid when there was no finding that the defendant had infringed them or had threatened to do so. Electrical Fittings Corp. v. Thomas & Betts Co., 307 U.S. 241, 59 S.Ct. 860, 83 L.Ed. 1263; Altvater v. Freeman, 319 U.S. 359, 63 S.Ct. 1115, 87 L.Ed. 1450; Richard Irvin Co. v. Westinghouse Air Brake, 2 Cir., 121 F.2d 429; Cover v. Schwartz, 2 Cir., 133 F.2d 542, 545.

The decree is modified as indicated in the foregoing opinion.

CLARK, Circuit Judge, concurs in the result.