174 P.2d 210
**FINLAYSON et al. v. HUMPHREYS et al.**

No. 7320.

Supreme Court of Idaho.

Nov. 7, 1946.

A. A. Merrill, of Idaho Falls, for appellants.

Hoyt Ray and W. Kent Naylor, both of Idaho Falls, for respondents.

BUDGE, Justice.

This is an action to quiet title to certain lots located in the city of Idaho Falls, described in plaintiffs' complaint. To the complaint defendants, and each and all of them, filed general and special demurrers and motions to strike certain allegations of the complaint.

As to respondents Humphreys, their motion to strike was sustained in part and denied in part; their general demurrer was overruled, and the special demurrer sustained. As to respondents Crowley, their motion to strike was likewise sustained in part and denied in part; their general demurrer sustained, and their special demurrer overruled, except the objection raised in paragraph 5 of the demurrer.

The trial court having sustained the general demurrer and special demurrer, in part, of the Crowleys, and their motion to strike, in part, and the time allowed appellants to amend having expired, their default was entered and the action against the Crowleys dismissed. The appeal is taken from the action of the court dismissing said cause of action as to the Crowleys.

In limine, we are met with a motion to dismiss the appeal "On the ground and for the reason that the said Appellants failed to serve their Notice of Appeal as required by Section 11-202, I.C.A., as amended by Chapter 21, Idaho Session Laws of 1943, upon Samuel S. Humphreys and Ida M. Humphreys, his wife or their attorneys." It is the contention of respondents that Humphreys and his wife, having entered their appearance in said action, are adverse parties, and would be prejudicially affected; that no notice of appeal having been served upon them or their attorneys, this court is without jurisdiction to entertain said appeal.

The question to be determined is, namely, were Humphreys and his wife adverse parties upon whom service of the notice of appeal was imperative under the statute in order to give this court jurisdiction?

In the case at bar there were four defendants who were made parties to the ac-

tion and entered their appearance, Humphreys and wife being represented by Errol H. Hillman and John L. Bloem, Esqs., and Crowley and wife being represented by Hoyt Ray and W. Kent Naylor, Esqs., all being interested in the subject-matter of the action.

Section 11-202, I.C.A., as amended by Chap. 21, 1943 Sess.Laws, provides:

"An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered a notice stating the appeal from the same, or some specific part thereof, *and serving a similar notice on * * * each adverse party who has entered an appearance in the action or proceeding, or his attorney.* * * *" (Emphasis ours)

The notice of appeal was served upon the Crowleys only.

In Sonleitner v. McLaren, 52 Idaho 791, 793, 20 P.2d 1014, adverse party is defined as:

"An adverse party, within the meaning of this section, is any party to the action or proceeding whose interests *might* be prejudicially affected by reversal or modification of the judgment or order appealed from. Service of the notice of appeal on all such adverse parties, or their attorneys, is necessary to give this court jurisdiction of the case." (See cases therein cited on pages 793, 794 of 52 Idaho, on page 1015 of 20 P.2d) (Emphasis ours)

"The nature of the decision appealed from is not controlling; the effect of a reversal or modification upon the rights of the parties to the action or proceeding controls, in determining who shall be made parties to the appeal."

If reversal or modification of the order or judgment might affect the interest of Humphreys and his wife prejudicially, in the absence of service upon them of the notice of appeal this court would be without jurisdiction, and the motion to dismiss the appeal must be sustained.

The amendment, 1943 Sess.Laws, chap. 21, expressly provides that *"each adverse party who has entered an appearance in the action or proceeding, or his attorney"* must be served with the notice of appeal. Humphreys and wife and Crowley and wife were represented by different counsel, and service upon them or their attorneys was mandatory.

From an examination of the record we have concluded that Humphreys and his wife were adverse parties and might be prejudicially affected by a reversal or modification of the order or judgment appealed from. They might, under certain contingencies, be called upon to answer to the Crowleys, having sold the lots in question to the latter, or their interest might otherwise be affected. 2 Cal.Jur. sec. 120, pp. 333-335; Johnson v. Phenix Ins. Co., 146 Cal. 571, 80 P. 719.

Appellants insist the motion to dismiss the appeal should not be considered for the reason that respondents Crowley have not complied with Rule 40 of the Su-

preme Court, which rule provides what showing must accompany a motion to dismiss.

An examination of the transcript discloses, by certificate of the clerk below, under seal, the action of the court upon the demurrers, the motions to strike, the date of the rendition of the order of the court, the judgment, and the undertaking on appeal. We are not disposed, in view of the record, to refuse to consider respondents' motion to dismiss the appeal.

From what has been said it follows the appeal must be dismissed for want of jurisdiction, and it is so ordered. Costs to respondents.

GIVENS, HOLDEN, and MILLER, JJ., and PORTER, District Judge, concur.