**IMPERIAL CHEMICAL INDUSTRIES LIMITED, Plaintiff-Appellant,**

v.

**NATIONAL DISTILLERS AND CHEMICAL CORPORATION, Defendant-Appellee.**

**No. 136, Docket 29830.**

United States Court of Appeals Second Circuit.

Argued Nov. 18, 1965.

Decided Dec. 29, 1965.

John R. Schoemer, Jr., New York City (Philip D. Pakula, Richard J. Barnes, and Townley, Updike, Carter & Rodgers, New York City, on the brief), for plaintiff-appellant.

Edward J. Ross, New York City (Stephen R. Lang, and Breed, Abbott & Morgan, New York City, on the brief), for defendant-appellee.

Before WATERMAN, SMITH and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge:

This action for a preliminary injunction against the disclosure of trade secrets is before this court for the second time. The basis for the first appeal was the District Court's denial of the plaintiff-appellant's motion for a preliminary injunction. On the appeal from that decision this court remanded for further proceedings not inconsistent with the opinion.[1] Thereafter the District Court held hearings on May 27 and June 16, 1965 and again denied ICI's motion for a preliminary injunction on the grounds: (1) that ICI did not have a protectable trade secret, (2) that there was no showing of irreparable injury and the remedy at law would be adequate if it succeeded at the trial in showing that it did suffer damage, (3) that the agreements between ICI and National, and the legal action taken by ICI, raise substantial antitrust questions, and (4) that the disclosures made by National to Toyo subsequent to the handing down by this court of its decision on the first appeal render the application for injunctive relief moot.

Dispositive of this appeal is our opinion that the District Court's finding and conclusion that ICI failed to prove that it would suffer irreparable injury if National were not restrained from permitting Toyo to retain the disclosures already made to it and from making further disclosures to Toyo, cannot be held to be a clear abuse of discretion.

The trial judge repeatedly asked the appellant if it had evidence of irreparable harm to offer, but little or no such evidence was produced. The appellant appears to have relied upon a kind of claimed presumption, flowing from a showing of its ownership of a trade secret, as sufficient for the purpose. While the existence of a trade secret and the wrongful use of it by the licensee is evidence basic to proof of irreparable harm, it is by no means conclusive on that issue and does not operate as a matter of law to foreclose the trial judge from the exercise of discretion on the application for a preliminary injunction.

Thus, in Foundry Services, Inc. v. Beneflux Corporation, 206 F.2d 214, 216 (2d Cir. 1953), the court found no error in the trial court's finding that a trade secret existed, but nevertheless dissolved a preliminary injunction on the ground that the plaintiff-appellee had failed to show that it would suffer irreparable harm if the injunction was not granted. Preliminary relief has also been denied where the harm to the defendant strongly outweighed any benefit that the plaintiff-appellant would have derived from the granting of such relief. Schreyer v. Casco Products Corp., 190 F.2d 921 (2d Cir. 1951), cert. denied, 342 U.S. 913, 72 S.Ct. 360, 96 L.Ed. 683 (1952).

A preliminary injunction is an extraordinary equitable remedy and it will be granted only upon a showing by the applicant that it will probably succeed on the trial and that it will suffer

1. Imperial Chem. Indus. Ltd. v. National Distillers & Chem. Corp., 342 F.2d 737 (2d Cir. 1965).

irreparable injury if the defendant is not restrained from certain activity pending the trial. Societe Comptoir De L'Industrie etc. v. Alexander's Department Stores, Inc., 299 F.2d 33, 35, 1 A.L.R.2d 752 (2d Cir. 1962).

 The court below was vested with discretion in deciding whether to grant or deny ICI's application and its denial will not be disturbed on appeal unless it amounted to a clear abuse of the trial court's discretion. United States v. W. T. Grant Co., 345 U.S. 629, 633, 73 S.Ct. 894, 97 L.Ed. 1303 (1953); United States v. Corrick, 298 U.S. 435, 437–438, 56 S.Ct. 829, 80 L.Ed. 1263 (1936); Carroll v. American Federation of Musicians, 295 F.2d 484, 488 (2d Cir. 1961). We do not find such an abuse of discretion in the present case.

It is unnecessary to discuss the other grounds relied upon by the court below in denying temporary injunctive relief. The appellant, however, contends that, in view of the fact that the trial judge's exercise of discretion rested in part upon his conclusion that the appellant had no trade secret, this matter should again be remanded for reconsideration because the issue of whether or not the appellant actually owned a trade secret had been resolved by this court, and Judge MacMahon of the trial court thereafter exceeded the mandate from this court by entertaining and making a new finding and conclusion on that issue.

The original findings included the statement that there was " * * * no unified description anywhere in the literature of the process, design or operation of ICI's Mark I stirred autoclave reactor. Although the components of such reactor are available in the literature, development of the know-how as a totality successfully and safely to operate a commercial process using such a reactor based upon information in the public domain would have required vast research, at great expense in money and time, plus considerable trial and error over an extended period of time." There was also a finding that the operation of the stirrer by an electrical motor contained within the vessel was secret and not a matter of public knowledge. At the later proceedings held pursuant to the mandate of this court, Judge MacMahon made a completely contrary finding and said, " * * * after reconsideration of the entire record on the earlier hearing, that the design, construction, process and operation of ICI's Mark I autoclave reactor, i. e., the way in which all of the features are interrelated, the know-how by which it was done, the method of making it work, the interrelationship of the parts and their combination, is neither secret, novel, nor unique, and that the whole concept is a matter of public knowledge." He went on to say that his earlier finding had been in error.

██ At the hearings of May 27th and June 16, 1965, following the first appeal, no significant evidence was added to what had been produced at the original hearing; and it is surprising that an error of such dimensions should have been made, involving as it did, the central issue of the very existence of a trade secret. The trial judge suggests that he was misled by counsel for both parties. Nevertheless, it was within the power of the trial court to find that it had been wrong the first time and reverse itself on the facts. It was the intention of this court in remanding the case to leave the trial court with a free hand. We pointed out in our opinion on the first appeal that the trial court had misinterpreted the contract between the parties and, in the light of a correct construction of the agreement, an inconsistency existed between the trial court's holding and the facts which it had found. We did not rule as a matter of law that the facts found were the only facts which the evidence would support. On remand the lower court could, on reconsideration, have found the same facts and changed its holding, or it could have found different facts which were consistent with its original holding. It is the latter which occurred and there was nothing in the terms of the mandate from this court to prevent it.

"Following an interlocutory appeal, decision and remand of the case by the appellate court, the trial court is, of course, bound to give full effect to the mandate of the appellate court. But the trial court is free to decide any matter left open by the appellate court's mandate. And after remand it may correct an error existing but not raised on interlocutory appeal. * * *"

6 Moore, Federal Practice ¶54.08 [2] (2d ed. 1965). The mandate, of course, is to be read together with the opinion rendered in the case. See, e. g., In re Sanford Fork & Tool Co., 160 U.S. 247, at 256, 16 S.Ct. 291, 40 L.Ed. 414 (1895); Federal Trade Commission v. Standard Educ. Society, 148 F.2d 931, at 932 (2d Cir. 1945) (and cases cited therein). But, while a lower court is generally, if not always, bound by what was necessarily disposed of by any appellate court,

"* * *. the rule is that a judgment of reversal is not necessarily an adjudication of the appellate court of any other than the questions in terms discussed and decided."

Mutual Life Ins. Co. v. Hill, 193 U.S. 551, at 553–554, 24 S.Ct. 538, 539, 48 L.Ed. 788 (1904).

■ The specific question with which we must deal is whether without receiving any new evidence which substantially differed from that which he had heard on the first hearing Judge MacMahon could properly "reconsider" his findings and reverse them. We think that, in the facts of this case, where the trial judge had by his own admission committed error, he could, without receiving any new evidence, correct that error when the matter was remanded to him for further consideration on just that point. It is not necessary for us to decide whether he would have such a power if we had specifically dealt with that matter on appeal. But in the absence of such circumstances we think it clear that the District Court was free to correct its error. See, Western States Machine Co. v. S. S. Hepworth Co., 152 F.2d 79, at 81 (2d Cir. 1945); William Goldman Theatres, Inc. v. Loew's, Inc., 69 F.Supp. 103, at 104 (E.D.Pa.1946), aff'd 164 F.2d 1021 (3d Cir. 1948) (per curiam), cert. denied 334 U.S. 811, 68 S.Ct. 1016, 92 L.Ed. 1742 (1948). Nor can we say that the "reconsidered" findings were clearly erroneous, though it may well be that upon trial on the merits it will be found that there was in fact a secret.

■ As it is necessary to remand this case again it should be understood that the findings of fact made upon the motion for preliminary injunction are not controlling, and the parties will be free to retry the issues at the hearing on the permanent injunction which will follow. See, Hamilton Watch Co. v. Benrus Watch Co., 206 F.2d 738 (2d Cir. 1953).

■ In our opinion on the first appeal we found error in the trial court's conclusion that ICI had waived any right to require National to follow the flexible procedure provided in the contract for releasing National from the secrecy limitations of the agreements when through the agency of others a part of the secret information became public knowledge. We concluded, on the record as it then stood, that there had been no such waiver. This did not become an issue on the second hearing and no evidence was presented concerning it, but we now mention it because in subsequent proceedings it bears upon the matter of the burden of proof. Thus far, the battle has been principally waged around the appellant's quest for equitable relief. The burden of proving the propriety and necessity of that kind of remedial action rests upon the appellants. The underlying issue, however, is breach of contract. The evidence in the present record conclusively shows, and it is thus far undisputed, that National failed to follow the procedure or mechanics required by the contract for its release from its secrecy obligation as to any part of the information furnished to it by ICI which subsequently became "a matter of public knowledge." If National had followed the prescribed procedure and ICI had

refused the request for release, National, to pursue its claim further, would have had to prove in the court in which it sought relief that its request to ICI had been unreasonably withheld. The burden of proving that it had been thus unreasonably withheld would have rested upon National, and, absent additional and persuasive evidence to support a finding of waiver in the trial which is to follow, it cannot by ignoring the prescribed and agreed upon procedure of the contract, cast that burden upon ICI. Therefore, on the issue of whether or not National breached the contract by making unauthorized disclosures in violation of the license agreements, if no waiver by ICI is found, National has the burden of proving that information furnished under the agreements had become a matter of public knowledge.

The District Court's denial of a preliminary injunction is affirmed and the cause is remanded for trial.