519 P.2d 438

Andrew J. BLINZLER and Mary E. Blinzler,
husband and wife, Respondents,

v.

James R. ANDREWS, Appellant,
and
Milton D. Andrews and Janice Andrews,
Defendants.

Andrew J. BLINZLER and Mary E. Blinz-
ler, husband and wife, Respondents,

v.

James R. ANDREWS, Defendant,
Milton D. Andrews and Janice Andrews,
husband and wife, Appellants.

Andrew J. BLINZLER and Mary E. Blinz-
ler, husband and wife, Respondents and
Cross-Appellants,

v.

James R. ANDREWS, Appellant and
Cross-Respondent,
Milton D. Andrews and Janice Andrews,
Respondents and Cross-Appellants.

Nos. 11170, 11171, 11218.

Supreme Court of Idaho.

Aug. 14, 1973.

Rehearing Denied March 15, 1974.

Scott W. Reed, Coeur d'Alene, Peter B. Wilson, Bonners Ferry, for James, Milton and Janice Andrews.

Stephen Bistline, Sandpoint, for respondents and cross-appellants.

SHEPARD, Justice.

This is an appeal from a trial court judgment entered on remand following the first appeal. The Blinzlers purchased two Boundary County farms from the Milton Andrews and James Andrews. The Blinzlers brought an action for rescission and James Andrews responded with an affirmative defense that the Blinzlers were in default and a counterclaim for damages to the property. In its initial decision the trial court granted the Blinzlers a rescission of the contract and awarded them damages.

On appeal this Court reversed the judgment of the trial court, indicated that damages were improper in a rescission, and remanded the matter "for further proceedings consistent herewith." Blinzler v. Andrews, 94 Idaho 215, 485 P.2d 957 (1971). This court gave the following directions on remand:

"Both contracts which are the subject of this appeal provided for the forfeiture of all payments made by the Blinzlers in the event of their default. Generally, where a forfeiture provision in a contract would provide an unjust and unconscionable recovery, it will not be enforced and the recovery will be assessed according to the amount of actual damage. Williams v. Havens, 92 Idaho 439, 444 P.2d 132 (1968); Graves v. Cupic, 75 Idaho 451, 272 P.2d 1020 (1954). On remand, the district court should determine whether the amounts received by James and Milton Andrews are necessary to compensate them for any loss they actually sustained. If not, the excess should be returned to the Blinzlers." 94 Idaho at 219, 485 P.2d at 961.

Before proceeding to the merits we first pass on the Blinzlers' motion to dismiss the Milton Andrews' appeal. The district court entered its final judgment following remand on July 21, 1972. On August 9, 1972 the court denied various post judgment motions to amend the court's findings of fact. It is undisputed that the notice of appeal was not served on counsel for the Blinzlers until October 11, 1972.

A notice of appeal must be served on the opposing parties within sixty days of the denial of post trial motions to amend the court's findings. I.C. §§ 13–201, 13–202. See also I.R.C.P. 52(b). This court will not consider an appeal wherein the notice of appeal was not timely served on the opposing party. See Finlayson v. Humphreys, 67 Idaho 193, 174 P.2d 210 (1946); Sonleitner v. McLaren, 52 Idaho 791, 20 P.2d 1014 (1933). Accordingly, the appeal sought by the Milton Andrews is hereby dismissed.

James Andrews argues that the trial court erred in revising its original findings of fact following the reversal and the remand of the first appeal. The original contract price for the James Andrews farm was $52,500. Prior to the initiation of their rescission action the Blinzlers had paid a total of $23,719.98. Following the initial trial the district court concluded that the Blinzlers paid $5,714.50 in excess of the actual damage sustained by James An-

drews. The trial court, in its original decision, calculated the Andrews' damages by determining the farm's fair rental value on a per acre basis. On remand the trial court revised its original findings of fact by rejecting the per acre rental formula and substituting a crop-share rental formula. The trial court determined that its initial calculations were in error and concluded that Anderson v. Michel, 88 Idaho 228, 398 P.2d 228 (1965) required the use of a crop-share formula in determining the rental value of the James Andrews farm in the Kootenai Valley.

■ James Andrews does not challenge the validity of the application of a crop-share formula to farms in the Kootenai Valley. Instead, James Andrews claims the trial court erred in amending its findings after our remand. On the first appeal this Court did not determine which formula should be used in computing the rental value of this farm. A trial court may, after a remand for further proceedings, correct an error in its original findings as to a matter not passed on by the appellate court. Imperial Chemical Industries, Ltd. v. National Distillers & Chemical Corp., 354 F.2d 459 (2d Cir. 1965). *See* Annotation, 19 A.L.R.3d 502. The district court did not err in revising its findings by utilizing a crop-share rental formula following our remand.

We turn now to the issue for which the matter was remanded: Are the sums that the Blinzlers paid so disproportionate to James Andrews' actual damages as to constitute an unenforceable penalty under the doctrine of Graves v. Cupic, 75 Idaho 451, 272 P.2d 1020 (1954)? The trial court, in its amended findings, determined that the actual damages suffered by James Andrews, including attorneys fees, amounted to $16,788.53. That amount contrasted to the Blinzlers' total payments of $23,719.98 resulted in overpayment of $6,931.45. The trial court found that such overpayment was not necessary to compensate James Andrews for any actual damage. In Nichols v. Knowles, 87 Idaho 550, 556, 394 P.2d 630, 633 (1964), the court stated:

"It is for the trial court to determine under the facts of any particular case whether the amount stipulated as damages bears such reasonable relation to the damages actually sustained as to be enforceable as a provision for liquidated damages; likewise, it is for the trial court to determine whether under the facts the amount stipulated is arbitrary and bears no reasonable relation to the anticipated damages and is so exorbitant and unconscionable as to be regarded as a penalty. Graves v. Cupic, 75 Idaho 451, 272 P.2d 1020; Walker v. Nunnenkamp, 84 Idaho 485, 491, 373 P.2d 559. The trial court's finding that this provision under the facts was so unconscionable and exorbitant as to amount to a penalty is supported by substantial, competent, although conflicting evidence; hence the finding must be sustained by this court. Melton v. Amar [86 Idaho 262, 385 P.2d 406], supra."

■ Similarly, in the instant case the district court found that the overpayment retained by James Andrews was not necessary to compensate him for actual damage. This finding is based on substantial although conflicting evidence and will not be disturbed on appeal. Hisaw v. Bishop, 95 Idaho 145, 504 P.2d 818 (1972).

■ The Blinzlers have cross-appealed, asserting that the trial court erred in failing either to apply the doctrine of strict foreclosure or to order a judicial sale. The Blinzlers rely on Walker v. Nunnenkamp, 84 Idaho 485, 373 P.2d 559 (1962). While there is language in *Walker* indicating that the trial court had discretion upon remand to order a judicial sale, there is no language indicating the necessity of such sale. *See also* Walker v. Nunnenkamp, 88 Idaho 222, 398 P.2d 444 (1965). We are cited to no authority which compels a judicial sale in a case such as the one at bar and our original remand in this matter cannot be construed as requiring a judicial sale. The

district court did not err in refusing to order such a sale.

■ Finally, we deal with the Blinzlers' contention on their cross-appeal that the trial court erred in awarding James Andrews $2,000 in attorneys fees incurred in foreclosing the land sale contract. James Andrews' contract contained the following pertinent provision:

"The vendors further agree to do and perform the following:

"To pay reasonable attorney fees in the event that suit or action is brought hereunder for the recovery of the possession of the above described real estate, *or for the enforcement or breach of any of the covenants herein contained.*" (Emphasis supplied)

The Blinzlers originally brought this action seeking to rescind the contract on the ground that the vendors had breached by failing to timely provide title insurance. James Andrews responded with the affirmative defense that the Blinzlers were in default and counterclaimed for damages to the farm. Under these facts it is clear that this is an action for "the enforcement or breach" of the land sale contract and accordingly the trial court did not err in awarding James Andrews $2,000 in attorneys fees. This award of attorneys fees was included in James Andrews' total damages of $16,788.53.

The decree of the district court is affirmed. Costs to respondents.

DONALDSON, C. J., and McQUADE and McFADDEN, JJ., concur.

BAKES, Justice (dissenting in part):

I dissent from that portion of the majority opinion dismissing the appeal of Milton Andrews. At a time when this Court, by rule and decision, is exhorting the trial courts to decide cases upon the merits rather than upon technicalities, we appear to be heading in the opposite direction. This is particularly true in this case because even though appellants' counsel apparently did not serve a copy of the Notice of Appeal upon respondents' counsel until after the 60-day appeal period, nevertheless the Clerk of the Supreme Court within the 60-day period received the Certificate of Appeal from the trial court and served the same upon respondents' counsel. Thus, respondents had actual notice of the appeal within the 60-day period. To dismiss the appeal of Milton Andrews under these circumstances is an exaltation of technicalities.