JULIAN HULIHEE, et al., Plaintiffs-Appellants, Cross-Appellees *v.* Heirs of HUEU (k), et al., Defendants-Appellees, and WILLIAM C. H. CHUNG, et al., Defendants-Appellees, Cross-Appellants

NO. 5680

DECEMBER 3, 1976

RICHARDSON, C.J., KOBAYASHI, OGATA, KIDWELL, JJ., and CIRCUIT JUDGE SHINTAKU in place of Menor, J., Disqualified

*Per Curiam.* Petitions for rehearing have been filed by both parties to this appeal.

I

Appellants, cross-appellees, have petitioned for a rehearing with respect to that portion of the opinion filed October 6, 1976, which deals with the trial court's findings that Hueu died without issue and intestate, leaving Kawainui and Keaka as his heirs, and that adverse possession against the others had not been shown by any of the parties. The case is to be remanded for further proceedings consistent with the opinion. We said that, "[u]pon remand, none of the findings or conclusions in the decision and decree will survive." It is argued that appellees did not raise an issue with respect to these findings by appeal and that this court should not decide issues which were not briefed or argued. It is also argued that our treatment of these findings will result in unnecessary and costly relitigation of issues. The petition exhibits a mistaken conception of the course which proceedings in the trial court should take upon remand of this case. To avoid questions on remand, we consider it advisable to supplement the opinion.

The findings of the trial court to which we have referred were not before us and received no consideration on this appeal. Upon remand, whether or not any mention of these findings had appeared in our opinion, they would be subject to review and revision by the trial court. "A trial court may, after a remand for further proceedings, correct an error in its original findings as to a matter not passed on by the appellate court." *Blinzler v. Andrews*, 95 Idaho 769, 519 P.2d 438 (1973). Such a correction in its findings may be made by the trial court without hearing new evidence. *Imperial Chemical Industries. Ltd. v. National Distillers and Chemical Corp.*, 354 F.2d 459 (2d Cir. 1965). If additional evidence is presented in further proceedings on remand, findings as to matters not passed on by the appellate court should be changed or modified in accordance with the trial court's determinations on the entire record. *William Goldman Theatres, Inc. v. Loew's, Inc.*, 69 F. Supp. 103 (D.C.E.D.Pa. 1946).

Upon remand of this case the trial court should determine its findings of fact and conclusions of law, with respect to the

issues not dealt with in our opinion, on the basis of the record in the prior proceedings and such further proceedings as may be had, without being bound in any way by its prior findings and conclusions on such issues. Since the remand will not be for a new trial, evidence which is in the record need not again be presented.

II

Appellees, cross-appellants, seek a rehearing on a point which was not briefed or argued. In the opinion filed October 6, 1976, we held that the record contained no evidence from which a permissible inference might be drawn of the delivery of the deed from Hueu to Waipuilani. In the briefs and argument, appellees relied upon a presumption of delivery. They now seek to sustain the trial court's finding of delivery by pointing to the fact that a subsequent deed from Kawainui to Gregson (Ex. 6) was signed by Hueu. It is argued that this evidenced delivery of the deed from Hueu to Waipuilani.

We need not consider whether rehearing should be granted to enable a new point to be presented, since it is apparent that the argument fails for reasons considered in the opinion. We there considered a parallel argument of appellees in relation to the trial court's refusal to find that Hueu's execution of the deed from Kawainui to Gregson was sufficient evidence of the authenticity of the deeds from Waipuilani to Kawainui. We rejected the argument and sustained the trial court's refusal to admit these deeds into evidence. The Gregson deed is no more probative of the first than of the second and third of the series of deeds, and in disposing of Appellee's argument as to the deeds from Waipuilani to Kawainui we disposed of the present argument as to the deed from Hueu to Waipuilani.

The point raised in the petition for rehearing must fail on another ground. We concluded in the opinion that the Gregson deed was probative, if at all, only with respect to one acre of the lands described in the alleged deed from Hueu to Waipuilani. The recital in the Gregson deed refers only to a

deed from Waipuilani to Kawainui, and does not refer to a deed from Hueu to Waipuilani. The execution of the Gregson deed by Hueu was consistent with the conveyance of a one-acre parcel by Hueu to Waipuilani, but provides little or no evidentiary support of the delivery of the 1890 deed from Hueu to Waipuilani.

The petitions for rehearing are denied without argument.

*Paul A. Lynch, Wesley W. Ichida, Ronald W. K. Yee* and *Bruce C. Bigelow (Case, Kay, Clause & Lynch* of counsel) for Plaintiffs-Appellants, Cross-Appellees.

*Roy K. Nakamoto, William S. Chillingworth* and *Jon J. Chinen* for Defendants-Appellees, Cross-Appellants.