566 P.2d 758

Gordon J. SINES and Betty J. Sines, husband and wife, and Tom Sines, Plaintiffs and Respondents,

v.

Albert E. BLASER and Ruth L. Blaser, together with all unknown owners of all or any part of the following described real property situated in the County of Canyon, State of Idaho, and described as follows, to-wit: The East 40.5 feet of Lot 9; all of Lots 10, 11, 12, 13, 14, 15 and the West 52.5 feet of Lot 16, Block 6 Resubdivision of Lots 14, 15, and 16 in Block 1 and all of Block 6 Vanal Heights, according to the Plat thereof filed August 21, 1973 in Book 13 of Plats at page 8, in the office of the County Recorder, Canyon County, Idaho, formerly known as Lots 8, 9, 10, 11, 12, and 13 in Block 6 Vanal Heights Subdivision, according to the Plat of said Subdivision filed June 23, 1960 in Book 6 of Plats at page 1, in the office of the County Recorder, Canyon County, Idaho, Except Mineral Rights Reserved by State of Idaho in State Deed, Defendants,

and

Albert E. Blaser and Ruth L. Blaser, Defendants and Appellants.

No. 11966.

Supreme Court of Idaho.

June 27, 1977.

Jon N. Wyman, Boise, for defendants and appellants.

Richard Rosenberry, Dunlap, Rettig & Rosenberry, Caldwell, for plaintiffs and respondents.

BISTLINE, Justice.

The underlying dispute arose out of the failure of Albert E. and Ruth L. Blaser to pay three years of back taxes on certain parcels of real property which they owned in Canyon County. In April, 1970, the County Treasurer sent Mr. Blaser an informal notice of delinquent taxes due. This

was followed, in November, 1970, by a registered letter giving formal notification of pendency of issue of a tax deed. When the registered letter was returned unclaimed, notice was published in the Idaho Free Press and, on January 1, 1971, the County took the property by tax deed. Newspaper publication was also made prior to the time when the property was sold to Gordon and Betty Sines and Tom Sines at a tax sale on August 15, 1972. Record title was conveyed on August 6, 1973.

Since, in the meantime, the Blasers had filed a vendor's lien against the property, the Sineses brought a quiet title action in late 1973. The case came to trial in May, 1974, with the Blasers arguing that the passing of title at the tax sale was void because of a failure to give proper notice to the record owners. The County Treasurer, according to appellants, was lacking in due diligence in resorting to notice by publication without any follow-up efforts to find and notify the Blasers after the single formal notice by registered mail was returned unclaimed.[1] It was uncontradicted at trial that the Blasers have lived at the same address for over 25 years, owned many parcels of land in Canyon County, and were personally known to and had dealings with the County Treasurer throughout the entire period in question. Moreover, it was uncontested that no separate attempt was made to notify Mrs. Blaser, the co-owner of the property.

On September 19, 1974, the trial court handed down its memorandum decision in favor of the Sineses and, following a practice this Court has recently had occasion to question—see, Compton v. Gilmore, 98 Idaho 190, 560 P.2d 861 (1977)—winning counsel drafted the findings of fact, conclusions of law and judgment, originals of which were mailed to the court and copies of which were mailed to counsel for appellants on October 15, 1974. The court signed the judgment on October 18, 1974, and it was entered the same date. A copy of the Notice of Entry of Judgment was not sent out to any party by the clerk of the court, although respondents' counsel had prepared and furnished a suitable form. The original Notice of Entry took its place in the court files where it obviously served no purpose whatever.

On December 10, 1974, counsel for appellants, unaware that judgment had been entered, filed a motion to set aside or amend the findings, a motion for judgment n. o. v., and, in the alternative, a motion for a new trial. At a hearing on December 20, 1974, the trial court, by order entered the same date, denied all three motions, not on their merits, but as not having been timely filed.

The court minutes of December 20, 1974, reflect that counsel for Blasers, on receiving the oral decision that the post-judgment motions were being denied as untimely, attempted to move orally for relief under the provisions of Rule 60(b), I.R.C.P. The trial court advised that a written motion was to be preferred.

Blasers did then file and serve a written motion, under date of the 14th of January, 1975, requesting the court "for relief of Judgment, under Rule 60b, sections 1, 3 and 6 of the Idaho Rules of Civil Procedure." The motion was based upon the files and records and the supporting affidavit of counsel for Blasers, later supplemented by another affidavit of February 20, 1975. No affidavits in opposition to the showing made by Blasers were filed on behalf of the Sineses. The 60(b) motion was denied on April 16, 1975, without opinion or memorandum decision.

---

1. I.C. § 63-1134, which controls the procedure to be followed in issuance of a tax deed, states:

"The county treasurer as ex officio tax collector shall serve or cause to be served by registered or certified mail with return receipt demanded, written or printed or partly written and partly printed notice on the person or persons in whose name the land or lot stands upon the records in the recorder's office. . . .

"If after diligent search and inquiry the treasurer is unable to locate and serve the record owner of the land or lot by registered or certified mail, then the treasurer shall publish a notice of all such delinquency entries not served by registered or certified mail in the official newspaper printed in such county . . . ."

The appeal to this Court followed, Blasers purporting to appeal from the final judgment of October 16, 1974, from the order of December 20, 1974, denying their post-judgment motions, and from the order of April 16, 1975, denying relief under Rule 60(b). The appeal from the judgment is of no effect. More than 60 days elapsed between October 16, 1974, and the appeal filed on June 13, 1975. Were we to consider the post-judgment motions as timely, even then the appeal time from the judgment would be only extended to the order of denial on December 20, 1974, and again June 13, 1975, would be far beyond the time of any possible extension for appeal from the judgment. The order denying the post-judgment motions is an order entered after final judgment, and is appealable, but not here where far more than 60 days elapsed from the entry of the order on December 20, 1974, to June 13, 1975.

The appeal of Blasers may lie from the order denying Rule 60(b) relief, provided that it was timely served. That it was timely filed is not questioned; nor is there question as to filing of the appeal cost bond.

A threshold question on this appeal, raised in this Court by respondents' motion to dismiss, is whether or not a copy of the Blasers' notice of appeal from the order dated April 16, 1975, was served within the time limit, which expired on June 15, 1975. That such notice must be served upon opposing counsel in timely fashion is not in dispute.

> "This court will not consider an appeal wherein the notice of appeal was not timely served on the opposing party." *Blinzler v. Andrews,* 95 Idaho 769, 770, 519 P.2d 438, 439 (1973).

The parties are in agreement that on June 18, 1975, appellants' counsel carried to the office of respondents' counsel a packet of five copies of appeal papers which included the notice of appeal, the cost bond, the praecipe, the order for a reporter's transcript, and an order to certify exhibits. It is clear that if the only copy of the notice of appeal which was served upon respondents was this hand-delivered copy served on June 18, 1975, it was not timely served. However, the wife of counsel for appellants states in her affidavit that she mailed a copy of the notice of appeal to counsel for respondents at the time she filed the appeal with the clerk of court which was on June 13, 1975. Counsel for respondents states that the only notice which was received was that hand-delivered on the 18th. Service on the 13th of June would have been timely.

Thus, we are called upon to resolve a question of fact, each contention supported by affidavits. These affidavits are not necessarily contradictory. It is entirely possible that the notice was mailed on time *and* yet not received. Given our general policy of providing appellant his day in court, Rule 1, I.R.C.P., and assuming the integrity of both affidavits, and keeping in mind also that we weigh a statement of an affirmative as against a statement of a negative, we find that the notice of appeal was timely served upon opposing counsel as required by I.C. §§ 13–201, 13–202 and I.R.C.P. 5(b). *See also,* dissent of Justice Bakes in *Blinzler v. Andrews, supra.*

We turn next to the Order of April 16, 1975, denying appellants' motion for relief of judgment, which motion appellants made under Rule 60(b) on January 15, 1975. Supporting affidavits from counsel for appellants specify the manner in which counsel claims to have been the victim of "mistake, inadvertence, surprise, or excusable neglect" in not filing his post-judgment motions within the time limit prescribed by I.R.C.P. 50(b), 52(b) and 59(b). Counsel declares, without being refuted, that neither counsel for respondents nor the clerk of the court ever sent him a copy of the October 18, 1974, judgment, a copy of the cost bill, of the notice of entry of judgment, or of a respondents' brief submitted to the trial court for the hearing on December 20, 1974. Indeed, counsel's affidavit states that the clerk of the court made the baldfaced assertion "that no notice was ever sent in any cases to the attorney on the other side of entry of judgment in accordance with Idaho

Rule of Civil Procedure, Rule 77(d)." [2] The supporting affidavit states further that it was not until the December 20 hearing itself that counsel for appellants discovered one usual file copy (it is unclear whether it was the brief or the notice of entry of judgment) which is to be sent to opposing counsel lying loose in his adversary's file; it was hand delivered during the course of the arguments.

■ The question before us on appeal, then, is whether the trial court abused its discretion in denying appellants' motion for relief under the provisions of Rule 60(b)(1), (3) and (6), I.R.C.P. Clearly, a 60(b)(1) motion is an appropriate way of attacking such a denial if the requisite "mistake, inadvertence, surprise, or excusable neglect" can be shown. *See, Crawford v. West India Carriers, Inc.,* 56 F.R.D. 32 (S.D.Fla.1972); *Jerkins v. McKinney,* 533 S.W.2d 275 (Tenn. 1976). Clearly, too, the mistake, inadvertence, surprise or excusable neglect need not be that of the party making the motion. In 7 Moore's Federal Practice, Sec. 60.22[2], page 247, in discussing Federal Rule 60(b)(1), which is identical with Idaho's Rule of the same number, after commenting on the old rule which restricted relief to cases involving movant's own mistakes, etc., it is said:

"Relief can now be had under 60(b)(1) not only for the mistake, etc. of the moving party, but also from that of *other parties to the action, the clerk,* and *even the court.*" (Emphasis added.)

Just as clearly, most jurisdictions will grant relief when faced with a situation such as that presently before the Court. In *Toler v. Shelton,* 204 S.E.2d 85 (W.Va.1974), the issue was a Rule 60(b) motion for relief from the effect of a judgment of dismissal with prejudice which had been entered in that case against the movant, without his knowledge and without notification by the clerk. Again, the court held this to be a proper avenue for redress and relief was granted:

"A motion to vacate a judgment made pursuant to Rule 60(b), W.Va.R.C.P. is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion. [Citation omitted.] *A court, in the exercise of discretion given it by the remedial provisions of Rule 60(b), should recognize that the rule is to be liberally construed for the purpose of accomplishing justice.* [Citations omitted.] The rule is also designed to facilitate the desirable legal objective that cases are to be decided on the merits.

. . .

"One of the principal contentions made by the appellant is that he did not receive notice of the entry of the judgment order of February 16, 1970. He says that his failure, or that of his counsel, to react to the pleas of *res judicata* was due to either excusable neglect, inadvertence, mutual mistake, inequitable conduct of opposing counsel, or possible fraud. All these grounds, if justified, are recognized as being exculpatory by Rule 60(b)(1), (3), and (6)." 204 S.E.2d at 89–90. (Emphasis added.)

The court did not deem it necessary to probe these allegations in detail:

"Without analyzing the *appellant's* assertion in detail, it is obvious from the abbreviated record that his *troubles stem from his failure to receive meaningful notice of the entry of the order dismissing his case from court.* Above all else, the Rules of Civil Procedure command that litigants shall be protected by timely notice of prospective actions of opposing litigants . . .

---

**2.** The rule, as it existed during all times pertinent to this case, states:

"Immediately upon the entry of an order or judgment the clerk of the district court *shall* serve a notice of the entry by mail in the manner provided for in rule 5 upon every party affected thereby who is not in default for failure to appear, and *shall* make a note in the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules; but any party may in addition serve a notice of such entry in the manner provided in rule 5 for the service of papers." (Emphasis added.)

"Toler, in suffering a dismissal with prejudice without notice, has been denied a substantial right. By a proper motion, seasonably made, this denial was brought to the attention of the trial court, which chose in a terse order, unsupported by findings of fact, to overrule and deny the motion for relief. This, also, was tantamount to a denial of the appellant's right to due process." 204 S.E.2d at 90. (Emphasis added.)

For other cases reaching the same result, see *Woldarsky v. Woldarsky,* 243 So.2d 629 (Fla.App.1971), and *Jerkins v. McKinney,* 533 S.W.2d 275 (Tenn.1976).

*Andrus v. Irick,* 87 Idaho 471, 394 P.2d 304 (1964), is virtually identical with the factual situation we review today. A difference, if such it be, is that the "neglect" in *Andrus v. Irick* was on the part of movant's own counsel, and the challenge there was based upon I.C. § 5–905, which was in effect along with Rule 60(b).[3] Appellants here did not specify I.C. § 5–905 in their motion, but do argue it and *Andrus v. Irick, supra,* in their brief in this Court.

In *Andrus v. Irick,* the relief fashioned by the trial court was to enter a new judgment, verbatim with its original judgment of November 14, 1961, except for a new date of April 19, 1962, thus permitting a timely appeal to be brought. This Court approved the remedy thus fashioned as being within the sound discretion of the trial judge:

". . . we are of the view that the trial court did not err in setting aside the original judgment and entering a subsequent judgment, when failure to move earlier to set it aside was occasioned by the fault or neglect of the plaintiff's counsel. This conclusion is reached even though the effect of such determination by a trial court is to extend the time for appeal. . . ." *Andrus v. Irick,* 87 Idaho at 477, 394 P.2d at 307.

For endorsement of the same procedure under similar circumstances, *see, Woldarsky v. Woldarsky, supra.*

█ Counsel for appellants in the present case has stated that he could be found negligent for not being familiar with the Canyon County court clerk's practice of not abiding by Rule 77(d). Citing *Andrus v. Irick,* he adds that such negligence on his part is not chargeable to his clients, and that they should be granted relief under the provisions of I.C. § 5–905, which was still effective at the times relevant. I.C. § 5–905 was not specified in appellant's 60(b) motion, but we believe that I.C. § 5–905 would nevertheless be considered when entertaining a Rule 60(b) motion. Suffice it to say that the record here convinces us that appellants' Rule 60(b)(1) motion was well-taken and should have been granted. This Court upheld Judge Oliver's exercise of discretion granting relief in *Andrus v. Irick, supra.* Here the awarding of relief is even more compellingly indicated. Rule 1, I.R.C.P., is a constant reminder that the rules are to be liberally construed, and a just result is always the ultimate goal to be accomplished. To the same effect, in a variety of other contexts, *see, Crawford v. West India Carriers, Inc.,* 56 F.R.D. 32 (S.D. Fla.1972); *Federal National Mortgage Ass'n v. Roberts,* 317 So.2d 244 (La.App. 1975); *Olson v. Burt,* 239 N.W.2d 212 (Minn. 1976).

In *Andrus* this Court heard the appeal on the merits; it was the cross-appeal there that presented us with the opportunity to review the propriety of the trial court's exercise of discretion in vacating the judgment and then re-entering the same judgment. While the purported appeal from the judgment is not before us, we do observe that appellants' 60(b) motion was based upon the records and files of the action, as well as upon the supporting affi-

---

**3.** I.C. § 5–905, which was still in effect at the time appellants' post-judgment motions were denied as untimely filed, states:

"Whenever any judgment, order or proceeding is taken against a party otherwise without default, through the neglect or failure of any attorney of such party to file or serve any paper within the time limited therefor, the court, or the judge thereof, in vacation, shall, upon application filed within the time above limited, set aside such judgment, order or proceeding . . ."

**440**

davits. In holding that the denial of relief here was an abuse of discretion, we think it appropriate to note the language of the West Virginia court:

". . . where a claim is absolutely without merit, neither a reviewing court nor a trial court should engage in a fruitless venture to vacate a judgment by reason of procedural defects merely to reconfront a substantive rule which mandates a denial of the movant's underlying claim. Suffice it to say that we find sufficient merit in appellant's claim to consider the validity of his motion." *Toler v. Shelton,* 204 S.E.2d at 90 (1974).

Accordingly, we reverse the order of the trial court denying appellants' Rule 60(b) motion for relief and remand the case to the district court with directions to grant the motion and by order vacate the judgment of October 18, 1974, and thereupon re-enter the same judgment. Costs to appellant.

McFADDEN, C. J., and DONALDSON, J., and SCOGGIN, D. J. (ret.) concur.

SHEPARD, J., dissents without opinion.